**STATE of Oklahoma ex rel. OKLAHOMA DEPARTMENT OF CORRECTIONS, Petitioner,**

v.

**The Honorable William W. MEANS, Judge of the District Court of Tulsa County, State of Oklahoma, Respondent.**

**No. P–74–807.**

Court of Criminal Appeals of Oklahoma.

Dec. 18, 1974.

Larry Derryberry, Atty. Gen., Paul Crowe, Oklahoma City, for Dept. of Corrections.

Sevier M. Fallis, Jr., Dist. Atty., Tulsa, for Judge of District Court of Tulsa County, Judge Wm. W. Means.

ORDER ASSUMING JURISDICTION, GRANTING WRIT OF PROHIBITION, DIRECTING VACATION OF THE TRIAL COURT'S ORDER HERETOFORE ENTERED, AND FURTHER DIRECTING THAT A COURT OF COMPETENT JURISDICTION CONDUCT PRELIMINARY HEARING PRIOR TO THE HEARING ON THE APPLICATION TO REVOKE SUSPENDED SENTENCE AND REQUIRING NOTICE TO PROBATIONER PRIOR TO SAID HEARINGS

On February 28, 1974, defendant Michael D. White was sentenced in the District Court, Tulsa County, Oklahoma, Case numbers CRF–73–1890 and CRF–73–1891,

after pleas of guilty for two offenses of Unlawful Possession of Controlled Drugs. His punishment was fixed at a term of two (2) years imprisonment, same being suspended upon defendant obeying the rules and conditions of probation as set forth by the sentencing court.

Thereafter on November 27, 1974, the District Attorney of Tulsa County filed an "Application for Detention Hearing" alleging defendant had violated the terms of his probation and praying that the court issue an order directing the Tulsa office of the State Department of Corrections, Division of Probation and Parole, to appoint an independent probation-parole officer to conduct a hearing to determine whether or not there were sufficient grounds, based upon the allegations contained within the District Attorney's application and the original order suspending the judgments and sentences, to detain the said Michael D. White for a hearing to revoke his suspended sentences. The court thereafter issued an "Order Setting Detention Hearing" wherein he granted the relief prayed for by the District Attorney and set the hearing for December 20, 1974 at 1:30 p. m.

The State of Oklahoma by and through the Attorney General of the State of Oklahoma has petitioned this Court to accept original jurisdiction and issue a Writ of Prohibition directed to the Honorable William W. Means, Judge of the District Court, Tulsa County, State of Oklahoma, commanding said judge to vacate his order entered on the 26th day of November, 1974.

Petitioner alleges that any such hearing conducted by an officer or agent of the Oklahoma Department of Corrections would be a nullity in that said officer or agent is not a proper person to conduct such a hearing. We agree.

Original jurisdiction assumed and Writ of Prohibition ordered to issue.

In the case of Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the United States Supreme Court held that a probationer's probationary sta-tus may not be revoked within the realm of due process unless a probationer is afforded first, a preliminary hearing at the time of his arrest to determine whether there is probable cause to believe that he has violated his conditions of probation and, second, a final hearing within a reasonable time to determine whether he has in fact violated these conditions and whether probationary status should be revoked. In this Court's recent case of Woods v. State, Okl.Cr., 526 P.2d 944 (1974), this Court in ruling that 22 O.S. 1971, § 991(b) substantially complies with the holding in *Gagnon*, supra, stated:

"In this jurisdiction it is customarily the procedure in bringing a probationer before the court to arraign the probationer on the application to revoke before the judge who placed probationer on such status. It would be this Court's interpretation of *Gagnon*, supra, that to fully comply with the detailed procedure outlined in that decision, the trial court would be required on the arraignment of the application, in the presence of probationer, to receive evidence from a witness which establishes the probable cause that probationer has violated the terms of his probation. Consequently, this Court finds that it is necessary that upon arraigning the probationer upon the application that evidence be given which establishes probable cause probationer has violated the terms of his probationary status and he be afforded the opportunity to confront any accusatory evidence at this stage. This preliminary hearing is to be afforded probationer in addition to the revocation hearing ordinarily conducted in compliance with § 991b. However, at the preliminary hearing stage the only issue in question is whether there is probable cause to hold probationer for a final adjudication of revocation of probation.

"It is this Court's opinion that § 991b substantially complies with the rule set forth in *Gagnon*, in other respects. We therefore determine that the final adjudication of a revocation of probation in

compliance with § 991b following a proper preliminary hearing had at the time probationer is arrested and brought before the court, within a reasonable time after arrest, to be a procedure in substantial compliance with *Gagnon*, supra, and due process."

Therefore, in this jurisdiction in order to comply with *Gagnon*, supra, a preliminary hearing on the application to revoke, *the court* must receive sufficient evidence from a witness which establishes probable cause to believe probationer has violated the terms of his probation. We do not find any authority whatsoever either in the Statutes or case law which gives the sentencing court power or authority to delegate the authority to any person other than another court of competent jurisdiction to hold the preliminary hearing on an application to revoke.

It is therefore our opinion that the preliminary hearing and the revocation hearing on its merits must both be held by an appropriate court of competent jurisdiction and cannot be delegated to a person such as an officer or agent of the Oklahoma Department of Corrections, as in the instant case.

The Honorable William W. Means is hereby ordered and directed to vacate his order entered in State v. White, case numbers CRF–73–1890 and CRF–73–1891 and proceed consistent with this opinion.

We direct that the trial courts, in all future cases, give adequate notice to the probationer, prior to preliminary hearing, and if probable cause is there established, adequate notice be given the probationer of the time and place set for the revocation hearing in order to comply with *Gagnon*, supra.

Writ granted.

C. F. BLISS,
    Presiding Judge.
TOM BRETT,
    Judge.
HEZ J. BUSSEY,
    Judge.