**Ricky STONER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. O-77-32.**

Court of Criminal Appeals of Oklahoma.

June 22, 1977.

John T. Elliott, Public Defender, John M. Stuart, Asst. Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Janet Cox, Legal Intern., for appellee.

OPINION

BUSSEY, Presiding Judge:

Appellant, Ricky Stoner, hereinafter referred to as the defendant, appeals from a decision of the Oklahoma County District Court revoking his suspended sentence. The record shows that on October 3, 1975, the defendant pled guilty to Second Degree Burglary in the Oklahoma County District Court, Case No. CRF-75-3035. He re-

ceived a two (2) year suspended sentence for this conviction.

On April 20, 1976, after a jury trial the defendant was convicted in the Cleveland County District Court for the crime of Robbery with Firearms, Case No. CRF–76–36, and subsequently on May 25, 1976, was sentenced to fifteen (15) years in prison.

Thereafter, on May 5, 1976, the Oklahoma County District Attorney filed an application to revoke the defendant's suspended sentence in Case No. CRF–75–3035. A hearing was held in the Oklahoma County District Court on July 15, 1976, and at the conclusion of this hearing, the Honorable Harold C. Theus granted the State's application to revoke. From this order, the defendant has perfected a timely appeal.

For his first assignment of error, the defendant alleges that the trial court's order of revocation was an abuse of discretion because it was based on insufficient evidence to show the defendant had violated the terms and conditions of his probation. At the revocation hearing the defendant admitted having been convicted of the offense of Robbery with Firearms in Cleveland County, Case No. CRF–76–36 subsequent to receiving his suspended sentence in the Oklahoma County District Court, Case No. CRF–75–3035. We note that at the time of the revocation hearing the six month time period for appealing the Cleveland County conviction had not expired. ██ *Kern v. State,* Okl.Cr., 521 P.2d 412 (1974), is cited by the defendant for the proposition that it is error for a trial court to revoke a suspended sentence, based solely upon a subsequent conviction, when that conviction has not become final. This is a correct statement of the law. In the instant case, after thoroughly searching our records, we have been unable to find any record of appeal in this Court filed by the defendant from his Cleveland County conviction. However, the defendant's Cleveland County Appearance Docket does show that on May 28, 1976, his attorney filed a Notice of Intent to Appeal and a Designa-

tion of Record in the District Court. This was done within the ten (10) day limit prescribed by Rule 2.7(A) of this Court and preserved the defendant's right to appeal. Thereafter, the defendant had six (6) months from May 25, 1976, to perfect the appeal from his Cleveland County conviction.[1] His suspended sentence in the instant case was revoked on July 15, 1976, which was within this six month period. Since the Cleveland County conviction was not final on July 15, 1976, the Oklahoma County District Court erred in revoking the suspended sentence based on no other evidence than the defendant's admission of his Cleveland County conviction.

██ Further, the fact the Cleveland County conviction has become final by operation of the law does not cure the error. We believe it the better practice and encourage trial courts to hold the District Attorney to strict proof of the finality of a judgment and sentence relied on as evidence to revoke a suspended sentence or accelerate a deferred sentence. Otherwise, the District Attorney must prove each element of the offense alleged as a violation of the terms and conditions of probation, since such proof by a preponderance of the evidence would withstand a collateral attack even if a conviction for the same offense were reversed on appeal.

The second assignment of error that the revocation proceedings in this case did not comply with the constitutional guidelines set out by the United States Supreme Court in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 38 L.Ed.2d 656 (1973) is not reached herein in view of our disposition of defendant's first assignment of error which requires reversal.

For the foregoing reason the Revocation Order appealed from is REVERSED and this cause is REMANDED for further revocation hearing consistent with this opinion.

BLISS, J., and BRETT, J., concur.

---

1. Rules—Court of Criminal Appeals, Rule 2.3(C) and 22 O.S.1971, § 1054.