**Lloyd Paul WILSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. O-80-209.**

Court of Criminal Appeals of Oklahoma.

Dec. 18, 1980.

John Michael Johnston, Appellate Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Timothy S. Frets, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge.

Appellant, Lloyd Paul Wilson, appeals from an order of the District Court of Ottawa County revoking a five year suspended sentence in Case No. CRF–74–371. The revocation order was entered on the 27th day of November, 1979, and was based on the court's finding that appellant had used intoxicants and had frequented beer taverns, and that appellant had associated with a known exconvict, both constituting violations of conditions of the suspended sentence. The court excluded evidence of appellant's conviction by a jury on November 13, 1979, on a charge of Robbery With a Dangerous Weapon, since the conviction was not then shown to be final. See *Stoner v. State*, Okl.Cr., 566 P.2d 142 (1977). See also *Kern v. State*, Okl.Cr., 521 P.2d 412 (1974).

As his first assignment of error, appellant contends that his constitutional privilege against self incrimination was violated when he was called as a witness by the State and led to admit his violations of the conditions of his suspended sentence. However, this contention is without merit. The Fifth Amendment to the United States Constitution provides in pertinent part that "No person ... shall be compelled in any criminal case to be a witness against himself. . . .." This provision binds the States by virtue of the Due Process clause of the 14th Amendment. It means that one may not be compelled to be a witness against himself in his own prosecution, nor may be compelled to answer questions in any sort of proceeding which might tend to incriminate him in a future prosecution. See *Lefkowitz v. Turley*, 414 U.S. 70, 94 S.Ct. 316, 38 L.Ed.2d 274 (1973) and *United States v.*

*Seqal*, 549 F.2d 1293 (9th Cir., 1977). It is apparent that appellant seeks to argue the first self-incrimination theory above, i. e., that he has been compelled to be a witness against himself in his own criminal prosecution. However, a suspended sentence revocation hearing, like a probation revocation proceeding, should not be considered 'criminal prosecution' for Fifth Amendment purposes. Compare *United States v. Seqal*, supra, 549 F.2d at 1299. Accordingly, this Court held in *Beller v. State*, Okl.Cr., 597 P.2d 338, 340 (1979), as follows:

"Finally, the appellant contends that the trial court erred in compelling him to testify against himself, after invoking his rights against self-incrimination. In *Morgan v. State*, Okl.Cr., 555 P.2d 1307 (1976), we held that the privilege is to protect a witness or an accused from compelled disclosure of facts that might subject one to criminal liability. A hearing to accelerate a deferred sentence is not to establish criminal liability, as that has already been established by the trial at the time of the plea."

No reason for distinguishing acceleration of deferred sentence from revocation of suspended sentence appears in this regard. Appellant suggests that *Beller* be limited to testimony concerning the crime for which the person serving the deferred or suspended sentence has already been convicted, while the privilege should disallow examination concerning the alleged grounds for acceleration or revocation. However, it is clear that this distinction was not made in *Beller* itself, and is not required by the Fifth Amendment, since defendant is simply not in the posture of one forced to be a witness against himself in a criminal prosecution.

Moreover, even if appellant's testimony should not have been compelled, the State amply established by the testimony of three other witnesses the same facts testified to by appellant. The first assignment of error is without merit.

■ Appellant contends as his second and final assignment of error that the revocation was invalid because the revocation hearing was not conducted within twenty (20) days after appellant's arrest, as required by 22 O.S.Supp.1978, § 991b. Section 991b provides in relevant part that:

"... the suspended sentence of said person may not be revoked, in whole or in part, for any cause unless a petition setting forth the grounds for such revocation is filed by the district attorney with the clerk of the sentencing court and competent evidence justifying the revocation of said suspended sentence is presented to the court at a hearing to be held for that purpose within twenty (20) days after the date of arrest..."

In the case, appellant received a five year suspended sentence on the 2nd day of September, 1975, was arrested for a separate charge of Robbery With a Dangerous Weapon on the 4th day of September, 1979, and application to revoke suspended sentence was filed on the 8th day of November, 1979, and the revocation hearing was concluded, and the revocation order issued, on the 27th day of November, 1979. In effect, appellant argues that the statute requires a revocation hearing within 20 days after the convict's arrest on any charge which might afford a basis for revocation. This argument is without merit. We are persuaded that the "arrest" referred to in § 991b refers to an arrest on a warrant for violation of probation, or deferred or suspended sentence, conditions.

The legislative intent in using the word "arrest" in Section 991b may be seen from a brief discussion of its background. Arrest refers to a taking of a person into custody. The coupling of the arrest and revocation or acceleration hearing by a twenty (20) day requirement in the statute would seem to indicate an intent that the loss of liberty occasioned by the arrest be reviewed and possibly relieved by a court before the passage of an inordinate length of time. This purpose has no application where the arrest and loss of liberty is related to an independent, separate criminal charge, and beyond the power of a revocation or acceleration court to relieve. "Arrest" would more properly refer to an arrest on a warrant

alleging a violation of the conditions of a deferred or suspended sentence.

This is one of the rationales for the Due Process requirement of a preliminary hearing: Some minimal inquiry conducted as promptly as convenient after arrest is required on the issue of whether reasonable grounds exist to support the allegation that the conditions of the suspended sentence, probation, or parole have been violated so that the arrestee should be *held* for a final hearing on the merits of the allegations. See *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) and *Woods v. State*, Okl. Cr., 526 P.2d 944 (1974). While § 991b approaches the problem of protracted loss of liberty by the probationer by setting a twenty (20) day limit on the whole procedure, the Due Process clause approaches it by requiring that any lengthy custody be approved by an early determination that reasonable grounds exist to support the allegation of condition violations, and the probationer should be held for a final determination.[1]

It may be noted that the Due Process clause requirement of a preliminary hearing does not apply where the probationer or parolee is in custody on charges and for reasons separate from the revocation or acceleration proceedings. See *United States v. Sutton*, 607 F.2d 220 (8th Cir., 1979), *United States v. Tucker*, 524 F.2d 77 (5th Cir., 1975) and *United States v. Diaz-Burgos*, 601 F.2d 983 (9th Cir., 1979).

The above leads us to reject appellant's contention and we hold that "arrest" in § 991b refers to an arrest on the revocation or acceleration application. Accordingly, this assignment of error is without merit.

There appearing no error in the record which would justify modification or reversal, and the order being amply supported by the record, it is the order of this court that the order appealed from be affirmed.

CORNISH, P. J., and BRETT, J., concur.

1. Sec. 991b was enacted prior to *Morrissey* and *Gagnon*, hence the requirement of a prelimi-

nary hearing was overlaid on § 991b by this Court in *Woods*.