**Michael Darnell MACK, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. O–80–408.**

Court of Criminal Appeals of Oklahoma.

Dec. 11, 1981.

---

Mark Barrett, Asst. Appellate Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan M. McNaughton, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Michael Darnell Mack, has appealed to this Court from an order of the District Court of Tulsa County revoking a suspended sentence of eighteen (18) months' imprisonment, which had been imposed in Case No. CRF–78–3188, after the appellant entered a plea of guilty to the crime of larceny of merchandise from a retailer.

In his first assignment of error, the appellant, relying upon *Stoner v. State*, 566 P.2d 142 (Okl.Cr. 1977), argues that the State failed to present sufficient evidence to warrant the revocation of his suspended sentence. However, the appellant's argument is not well taken. The record before us shows that both parties stipulated that the trial court could use the evidence that was adduced at a prior trial of the appellant in Tulsa County District Court, Case No. CRF–79–1749.[1] In that case the appellant was convicted of robbery with firearms, before the same judge who heard the arguments on the application to revoke in this case.

The circumstances are analogous to those in the case of *Henderson v. State*, 568 P.2d

1. THE COURT: It is my understanding that both parties have stipulated I can use the evidence that was adduced at the trial for consideration of this hearing.

MR. EARL: That's correct, Your Honor. We stipulate if the same witnesses were called they would testify as they did at the time of trial.

THE COURT: Based upon that stipulation and based upon the facts, I'll revoke the heretofore suspended sentence, and sentence the defendant to 18 months with the Department of Correction, State of Oklahoma. This will run consecutive with the 60 years, also.

297 (Okl.Cr. 1977), in which this Court affirmed the revocation of a suspended sentence. In that case we stated:

Violations of the conditions of a suspended sentence need only be shown by a preponderance of the evidence. *Allison v. State*, 562 P.2d 883 (Okl.Cr. 1977). A preponderance of the evidence has been defined by this Court to mean simply the greater weight of evidence. *Queen v. State*, 35 Okl.Cr. 412, 250 P. 935 (1925). Preponderance was also defined in the case of *Peyton v. McCaslin*, 417 P.2d 316 (Okl.1966), to mean that which, to the mind of the trier of fact or the seeker of truth, seems most convincing and more probably true.

Moreover, this Court has also consistently held that the decision to revoke the suspended sentence in whole or in part lies within the discretion of the trial court and absent an abuse thereof the trial court's decision will not be disturbed. *Wallace v. State*, 562 P.2d 1175 (Okl.Cr. 1977). The evidence produced by the State and stipulated to by defense not only could have been interpreted as of greater weight, but also could have been deemed more probably true than not by the trial judge reviewing this evidence.

No abuse of discretion by the trial court is apparent from the record; therefore, this assignment of error is without merit.

 In his second and final assignment of error, the appellant alleges that the trial court committed reversible error in failing to make written findings of fact and in failing to state in writing the reasons for revoking the suspended sentence. In *Caudill v. State*, 532 P.2d 63 (Okl.Cr.1975), this Court approved conclusory findings of fact in a revocation hearing, when the defendant was sufficiently apprised of the grounds upon which his suspended sentence was revoked. In the case before us, the written notation by the judge that the suspended sentence was revoked consecutively with CRF–79–1749, taken with his statement

from the transcript that he based his decision "upon . . . stipulation and . . . upon the facts,"[2] was sufficient to apprise the appellant of the grounds upon which his suspended sentence was revoked. Further, in a revocation hearing a probationer is not entitled to the full panoply of constitutional rights, *Woods v. State*, 526 P.2d 944 (Okl.Cr. 1974); and the decision to revoke lies within the sound discretion of the trial court. *Fain v. State*, 503 P.2d 254 (Okl.Cr.1972). Therefore, this assignment of error is without merit.

For the above and foregoing reasons, the order appealed from is AFFIRMED.