Charles Wayne SCOTT, Jr., Appellant,

v.

STATE of Oklahoma, Appellee.

No. 0–85–71.

Court of Criminal Appeals of Oklahoma.

March 17, 1987.

Patti Palmer, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddle, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, Charles Wayne Scott, Jr., pled guilty in the District Court of Stephens County, Case No. CRF–82–125, to the following offenses: Count I, Burglary in the Second Degree, After Former Conviction of a Felony; and Count II, Possession of Marijuana. His punishment was fixed at a term of ten (10) years imprisonment with four (4) years suspended on Count I; and one (1) year imprisonment on Count II, to be run concurrently with Count I. An Application to Revoke Suspended Sentence was filed with the District Court for the appellant's alleged commission of a felony. The appellant's suspended sentence was subsequently revoked. We affirm.

## I.

In his first assignment of error, the appellant contends the trial court erred in conducting a revocation hearing on the same facts of a previous application, which was dismissed. Specifically, the appellant asserts that the doctrine of *res judicata* bars any subsequent revocation based upon the same set of facts. In support of his contention, the appellant cites *Marutzky v. State*, 514 P.2d 430 (Okl.Cr.1973).

The appellant in *Marutzky* similarly challenged the revocation of his suspended sentence. In that case, the State's first application to revoke was dismissed *on its merits*, but subsequently the appellant's suspended sentence was revoked in a second revocation hearing. On appeal to this Court, we questioned the application of the principle of *res judicata* in a criminal proceeding of such a nature, but nevertheless held that the doctrine "does not apply where there are new facts which did not exist at the time of the prior judgment." *Id.* at 432.

It has been held that "the doctrine of res judicata [is] applicable to criminal cases and operates to put at rest those factual matters which the verdict determines...." *Wheatley v. United States*, 286 F.2d 519, 520 (10th Cir.1961). Generally, "[w]here the cause of action in the second suit is the same as that in the first suit, a final judgment in the first suit *upon the merits* is a complete bar to the maintenance of the second, and if the petitions are substantially identical the matter is res adjudicata...." *McKee v. Producers' & Refiners' Corp.*, 170 Okl. 559, 41 P.2d 466, 469 (1935) (emphasis added).

In the instant case, the District Attorney requested a dismissal prior to the first scheduled revocation hearing. The dismissal was granted. The matter was

not adjudicated, and therefore the action was not be decided on the merits. *Res judicata* did not bar a subsequent hearing upon the same set of facts. Accordingly, this assignment of error is without merit.

## II.

■ In his second assignment of error, the appellant asserts the trial court erred in admitting judgment and sentences based on pleas of guilty. Specifically, he asserts that the State did not prove that the pleas were made after the appellant knowingly waived his constitutional rights of which he had been advised. We disagree. The State filed two Judgment and Sentence on Plea of Guilty forms with the trial court. Each form recited on its face that the appellant was personally present in open court, he was represented by counsel, he was duly informed of the nature of the charges against him, he was advised of his rights and the effect of his pleas, and he duly and properly entered his pleas of guilty to the crimes.

Furthermore, the record in the case at bar indicates that the appellant made no objection to the admission of the judgment and sentences. Accordingly, the judgment and sentences were sufficient to prove that the appellant was informed of his constitutional rights and that they were voluntarily waived. This assignment of error is also without merit.

## III.

In his next assignment of error, the appellant contends that the State failed to offer strict proof that the convictions relied upon to revoke were final. We disagree. This Court, in *Kern v. State,* 521 P.2d 412, 415 (Ok.Cr.1974), held that a final judgment was "one unappealed from within the time prescribed for direct appeal or final disposition made and entered by the appellate court if direct appeal has been perfected." To perfect an appeal from a guilty plea, the appellant must first "withdraw the plea of guilty within ten (10) days from the date of the pronouncement of the judgment and sentence...." Rule 4.1, *Rules of the Court of Criminal Appeals,* 22 O.S.

1981, ch. 18, app. After withdrawing his plea of guilty, an appellant must commence a writ of certiorari with this Court. *Id.*

■ Nothing in the record indicates that this procedure was commenced by the appellant in the instant case. Since there is no evidence that the appellant either withdrew his pleas or timely appealed the convictions, they became final in accordance with *Kern, id. Bishop v. State,* 593 P.2d 505 (Okl.Cr.1979). Accordingly, this assignment of error is also without merit.

## IV.

■ In his last assignment of error, the appellant asserts that he was deprived of the effective assistance of counsel. The appellant supports his contention by the fact that counsel was appointed for him on the day of his revocation hearing. We have analyzed this proposition on the basis of *Strickland v. Washington,* 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and find it to be without merit.

Finding no merit to the appellant's assignments of error, the ruling of the District Court, in revoking the appellant's suspended sentence, is hereby AFFIRMED.

BRETT, P.J., concurs.

BUSSEY, J., concurs in results.