**Derrick Eugene McCOWAN, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. O-84-716.**

Court of Criminal Appeals of Oklahoma.

May 22, 1987.

E. Alvin Schay, Appellant Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

### OPINION

PARKS, Judge:

The appellant, Derrick Eugene McCowan, pled guilty in the District Court of

Comanche County, Case No. CRF–80–637, to the offense of Grand Larceny. The judge set punishment at a term of five (5) years imprisonment, with all but sixty (60) days suspended, subject to the rules and conditions of probation. An Application to Revoke Suspended Sentence was filed on the basis of the appellant's alleged commission of the offenses of Larceny from a Retailer and Robbery by Fear. The trial court revoked the appellant's suspended sentence. We affirm.

■ At the revocation hearing, the State admitted into evidence certified copies of an Information and a Judgment and Sentence for of the offenses of Larceny from a Retailer and Robbery by Fear. The name indicated on each Judgment and Sentence was Derrick E. McCowan and Derrick Eugene McCowan, respectively. The appellant testified in his behalf and admitted that he had served twenty-two months for the two offenses committed subsequent to his Grand Larceny charge. The judge found that "the defendant ... is one and the same defendant as in State's Exhibits 1, 2, 3, and 4, and the Court further finds that the Defendant is in violation of the suspended sentence." The appellant raises a single assignment of error before this Court. He contends that the trial court denied his due process rights by failing to make written findings of fact as to the evidence relied upon and the reasons for revoking the suspended sentence. We disagree. The Supreme Court has held that fact finders in a revocation proceeding must make written findings of fact as to the evidence relied upon in revoking, and the reasons for revoking. *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); and *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Subsequent to *Gagnon, supra,* and *Morrissey, supra,* this Court held that "the written notation by the judge that the suspended sentence was revoked ... taken with his statement from the transcript that he based his decision 'upon ... stipulation and ... upon facts,' was sufficient to apprise the appellant of the grounds upon which his suspended sentence was revoked." *Mack v. State,* 637 P.2d 1262, 1264 (Okl.Cr.1981).

■ In the instant case, the trial judge signed the written order revoking the suspended sentence. This order, along with the transcript of the hearing, was therefore sufficient to apprise the appellant of the grounds for the revocation of his suspended sentence.

The appellant cites *Black v. Romano,* 471 U.S. 606, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985), and asserts this decision reiterates the importance of a written statement by the fact finder, emphasized in *Gagnon* and *Morrissey.* While the case reiterates the importance of the writing requirements of *Gagnon* and *Morrissey,* it does not add any additional requirements for due process consideration in a revocation proceeding. Accordingly, the appellant's assignment of error is without merit.

Findings no merit to the appellant's assignment of error, the order of the trial court, revoking the appellant's suspended sentence, is hereby AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.