David Lee HOGAN, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F-84-561.

Court of Criminal Appeals of Oklahoma.

July 20, 1987.

Gloyd L. McCoy, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, David Lee Hogan, pleaded guilty on October 13, 1982, in the District Court of Osage County to the crime of Unlawful Possession of Marijuana with Intent to Distribute and was sentenced to a two (2) year deferred sentence. Subsequently, appellant entered a plea of guilty to the charge of Unlawful Delivery of Marijuana in the District Court of Tulsa County, and he was sentenced to three (3) years imprisonment. On January 11, 1984, a Motion to Accelerate Sentencing was filed by the State, and after the hearing, the District Court of Osage County entered an order accelerating the deferred sentence and sentenced appellant to two (2) years imprisonment, to run consecutive to any other sentence he was serving.

In his single assignment of error appellant contends that the failure of the trial court to make written findings regarding the reasons for acceleration of his deferred sentence violated his right to due process. In *Mack v. State,* 637 P.2d 1262, 1264 (Okl. Cr.1981), this Court addressed this same issue and stated that:

In *Caudill v. State,* 532 P.2d 63 (Okl.Cr. 1975), this Court approved conclusory findings of fact in a revocation hearing,

when the defendant was sufficiently apprised of the grounds upon which his suspended sentence was revoked. In the case before us, the written notation by the judge that the suspended sentence was revoked consecutively with CRF–79–1749, taken with his statement from the transcript that he based his decision 'upon ... stipulation and ... upon the facts,' was sufficient to apprise the appellant of the grounds upon which his suspended sentence was revoked. Further, in a revocation hearing a probationer is not entitled to the full panoply of constitutional rights, *Woods v. State,* 526 P.2d 944 (Okl.Cr.1974); and the decision to revoke lies within the sound discretion of the trial court. *Fain v. State,* 503 P.2d 254 (Okl.Cr.1972).

In this case, appellant admitted that he pleaded guilty to a subsequent crime in Tulsa County, and the trial court accelerated appellant's deferred sentence based upon this evidence. Clearly, the appellant was aware of the court's reason for accelerating his sentence. Consequently, this contention is without merit.

The judgment and sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.