**William R. POWELL, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. O-85-400.**

Court of Criminal Appeals of Oklahoma.

Nov. 9, 1987.

Patti Palmer, Deputy Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

**OPINION**

BUSSEY, Judge:

The appellant, William R. Powell, entered a guilty plea on July 27, 1983, in Comanche County District Court, Case No. CRF-82-635, to the charge of Unauthorized Use of a Motor Vehicle and was given a five (5) year suspended sentence. On September 19, 1983, the State filed an Application to Revoke Suspended Sentence alleging that appellant violated the conditions of probation by committing the crime of Embezzlement by Bailee. On January 11, 1985, after a hearing, appellant's suspended sentence was revoked.

For his first assignment of error, the appellant asserts that the State presented insufficient evidence to warrant revocation of his sentence. That the conditions of probation have been violated need only be shown by a preponderance of the evidence in order to revoke probation. *Caudill v. State,* 637 P.2d 1264 (Okl.Cr. 1981). In the instant case, the State presented evidence that James Russell gave appellant permission to borrow his car overnight. However, the car was never returned, and appellant never called Russell to explain anything. Approximately two months later, Russell was contacted by the police and informed that his car was at the Dallas/Ft. Worth Airport. Russell had talked with appellant about selling the car, but no contract was ever signed nor money exchanged. Russell testified that appellant did not have permission to take the car to Dallas. After reviewing the evidence presented, we are of the opinion that the State proved the elements of the crime of Embezzlement by Bailee by a preponderance of the evidence. This assignment of error is without merit.

Appellant next alleges that the failure of the trial court to make written findings regarding the evidence relied on and reasons for revocation of probation violated his right to due process under the United States Constitution. The trial court clearly stated in the record the reasons for the revocation of probation:

> And I do find that from that evidence that the defendant has violated the terms of his probation. By committing the crime of embezzlement by bailee. As alleged by the—by the State. Evidence indicates that defendant uh, took the car for a specific uh, purpose and destination. That he went from that destination and purpose and left the car down in Dallas. And normally, I would think that the defendant, uh, would come back and say I left the car down in Dallas, uh, and tell the person that he took it from, it's there and you can go get it. But he didn't do that, which I think supports uh, the State's evidence that it was embezzlement by bailee. (Tr. 24).

While it would have been better if the trial court had made written findings of fact and reasons for revoking the suspended sentence, we find no error since the trial court sufficiently apprised appellant of the grounds upon which his suspended sentence has revoked. *See Mack v. State,* 637 P.2d 1262, 1264 (Okl.Cr.1981).

As his final assignment of error appellant urges that the failure of the trial court to conduct a two-hearing proceeding violated his right to due process. However, since appellant did not request a preliminary hearing, this assignment was waived. *Woods v. State,* 526 P.2d 944, 950 (Okl.Cr. 1974). Hence, there is no error.

The order of the District Court revoking the appellant's suspended sentence is AFFIRMED.

BRETT, P.J., concurs in results.

PARKS, J., concurs.