William R. POWELL, Appellant,

v.

STATE of Oklahoma, Appellee.

No. 0–85–399.

Court of Criminal Appeals of Oklahoma.

Nov. 9, 1987.

Patti Palmer, Deputy Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., and Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, William R. Powell, entered guilty pleas on July 27, 1983, in Comanche County District Court, Case Nos. CRF–81–272 and CRF–81–694, to the charges of Bogus Check and Obtaining Property by False Pretenses and received concurrent five (5) year suspended sentences. On September 19, 1983, the State filed an Application to Revoke Suspended Sentence in these cases alleging that appellant violated the conditions of probation by committing the crime of Embezzlement by Bailee. After a hearing on January 10, 1985, the trial court revoked appellant's suspended sentence.

For his first assignment of error, the appellant asserts that the State presented insufficient evidence to warrant revocation of his sentence. That the conditions of probation have been violated need only be shown by a preponderance of the evidence in order to revoke probation. *Caudill v. State*, 637 P.2d 1264 (Okl.Cr. 1981). In the instant case, the State presented evidence that James Russell gave appellant permission to borrow his car overnight. However, the car was never returned, and appellant never called Russell to explain anything. Approximately two months later, Russell was contacted by the police and informed that his car was at the Dallas/Ft. Worth Airport. Russell had talked with appellant about selling the car, but no contract was ever signed nor money exchanged. Russell testified that appellant did not have permission to take the car to Dallas. After reviewing the evidence presented, we are of the opinion that the State proved the elements of the crime of Embezzlement by Bailee by a preponderance of the evidence. This assignment of error is without merit.

Appellant next alleges that the failure of the trial court to make written findings regarding the evidence relied on and reasons for revocation of probation violated his right to due process under the United States Constitution. The trial court stated in the record that appellant's Suspended Sentence was revoked and declared that the reason for doing so was because "the allegations of the State in their Amended Application to Revoke are valid." The Amended Application to Revoke Suspended Sentence provides in pertinent part:

THAT SUBSEQUENT to the pronouncement of said Judgment and Sentence, and on the 22ND day of AUGUST, 1984, the said defendant, WILLIAM ROBERT POWELL, violated the terms and condi-

tions of the suspension clause of the Judgment and Sentence which was in full force and effect, as aforesaid, in the following particular, to-wit: that the said WILLIAM ROBERT POWELL, did commit the crime of Embezzlement by a Bailee in the following particular, to-wit: THAT THE SAID WILLIAM ROBERT POWELL BEING THEN AND THERE THE BAILEE OF ONE JAMES T. RUSSELL, LAWFULLY RECEIVED, HAD CUSTODY OF, AND WAS ENTRUSTED WITH CERTAIN PERSONAL PROPERTY, TO–WIT: A 1982 FORD AUTOMOBILE, BEARING 1983 OKLAHOMA LICENSE TAG #CCB–6538, AND VIN 2FABP012XCX101322 OF THE VALUE OF MORE THAN $50.00 OWNED BY THE SAID JAMES T. RUSSELL, WHO DELIVERED THE SAME TO SAID DEFENDANT AS HIS BAILEE, AND WHICH PROPERTY CAME INTO THE DEFENDANT'S CARE AND CUSTODY BY VIRTUE OF SAID BAILMENT, AND AFTER SO RECEIVING THE SAME AS AFORESAID, SAID DEFENDANT DID THEREAFTER WITH FRAUDULENT INTENT, WILFULLY, WRONGFULLY AND FELONIOUSLY EMBEZZLE, APPROPRIATE AND CONVERT THE SAME TO HIS OWN USE, AND TO A USE AND PURPOSE NOT IN DUE AND LAWFUL EXECUTION OF HIS TRUST, (21–1455)

■ Although the better practice would be for the trial court to enter written findings of fact and reasons for revoking the suspended sentence, we find no error since the trial court sufficiently apprised appellant of the grounds upon which his suspended sentence was revoked. *See Mack v. State*, 637 P.2d 1262, 1264 (Okl.Cr.1981).

Appellant finally urges that the failure of the trial court to conduct a two-hearing proceeding violated his right to due process. However, since appellant did not request a preliminary hearing, this assignment was waived. *Woods v. State*, 526 P.2d 944, 950 (Okl.Cr.1974). This assignment lacks merit.

The order of the District Court revoking the appellant's suspended sentence is AFFIRMED.

BRETT, P.J., concurs in results.

PARKS, J., concurs.