Kenneth Wayne SAMS, Appellant,

v.

STATE of Oklahoma, Appellee.

No. 0–85–391.

Court of Criminal Appeals of Oklahoma.

July 15, 1988.

Pete Gelvin, Asst. Public Defender, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

In 1976, appellant, Kenneth Wayne Sams, plead guilty in the District Court of Oklahoma County to charges of Burglary in the Second Degree, Case No. CRF–76–374, and Concealing Stolen Property, Case No. CRF–76–1759. He was sentenced to five (5) years' imprisonment in each, to be served concurrently. Both sentences were suspended.

In 1979, appellant plead guilty to Theft in the First Degree in the Circuit Court of the State of Oregon for Jackson County, Case No. 79–566–C–1. Applications to revoke the Oklahoma sentences were filed by the State of Oklahoma on November 15, 1979, and warrants were issued for his arrest.

Appellant did not return to Oklahoma until 1981, after which time he was arrested and arraigned on the applications. He posted bond and promptly left the State. In 1984, he returned once again, and was arrested and arraigned. On January 15, 1985, his revocation hearing was conducted. The suspended sentences were revoked in full and he appealed each order. The appeals were consolidated by order of this Court.

In his first assignment, appellant asserts that the State failed to produce competent evidence to support its applications to revoke. In revocation proceedings, the State bears the burden to prove by a preponderance of the evidence that a defendant has violated the terms of his parole. *See, e.g., Moore v. State,* 553 P.2d 507 (Okl.Cr.1976). To support this burden, the prosecutor offered into evidence a certified copy of the Order on Sentence from the Oregon court. It was received, and the State rested. Appellant's demurrer was overruled, and appellant took the stand in his own defense. On this evidence, the trial court made its ruling.

Relying primarily upon *Kern v. State,* 521 P.2d 412 (Okl.Cr.1974), and *Stoner v. State,* 566 P.2d 142 (Okl.Cr.1977), appellant points out that the State failed to show either that the Oregon conviction was a final judgment, or any of the elements of the crime reflected in the Order on Sentence. In response, the Attorney General notes that "[t]his Court has held that a suspended sentence imposed upon a defendant upon his plea of guilty to a criminal charge could be revoked before such time as the offense which was the basis of the revocation was appealed from and affirmed. *Phillips v. State,* 483 P.2d 759, 760 (Okla.Crim.App.1971); *Winningham v. State,* 488 P.2d 1351 (Okla.Crim.App. 1971)." We would remind the Attorney General that those cases, and the language allowing that result without proof of the supporting facts, were expressly overruled in *Kern,* 521 P.2d at 415 (opinion on rehearing).

The true rule is the one announced in *Kern, supra,* and we continue to adhere to our language in *Stoner, supra:*

> We believe it the better practice and encourage trial courts to hold the District Attorney to strict proof of the finality of a judgment and sentence relied on as evidence to revoke a suspended sentence or accelerate a deferred sentence. Otherwise, the District Attorney *must* prove each element of the offense alleged as a violation of the terms and conditions of probation, since such proof by a preponderance of the evidence would withstand a collateral attack even if a conviction for the same offense were reversed on appeal.

*Id.* at 143. (Emphasis added). The import of this language is clear—the State must show the finality of a judgment or the facts to support one. In this case, the State did neither. Accordingly, the orders of the District Court of Oklahoma County revoking suspended sentences in Case No. CRF–76–374 and Case No. CRF–76–1759, must be, and hereby are, VACATED.

BRETT, P.J., and PARKS, J., concur.