Gary Lee MIDDAUGH, Appellant,

v.

STATE of Oklahoma, Appellee.

No. O-85-490.

Court of Criminal Appeals of Oklahoma.

Aug. 25, 1988.

Lee Ann Jones Peters, Chief of Appellate Div., Oklahoma County Public Defender's Office, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen. Oklahoma City, for appellee.

## MEMORANDUM OPINION

BRETT, Presiding Judge:

Appellant, Gary Lee Middaugh, pled guilty in Oklahoma County District Court to two charges of Obtaining Money or Property by Means of False and Bogus Check, Case Numbers CRF-80-4922 and CRF-81-563. He was sentenced to four years on each charge, the sentences to run concurrently. The sentences were suspended and two years on each were later revoked. Subsequently, the State filed an application to revoke the final two years on each offense. It is this last application that is the subject of this appeal.

The revocation application cited six infractions of appellant's probation rules. At the hearing, however, the State only presented proof of one of the six which was a felony conviction from Grady County, Case No. CRF-84-79. The State elected to prove the conviction rather than the crime. *See Stoner v. State,* 566 P.2d 142 (Okla.Cr. 1977). The State not only failed to prove the other conviction was final but appellant testified that his conviction was on appeal. *Id.,* at 143. The State's response is a claim of waiver and a claim this Court should reconsider the rule that a judgment and sentence is not considered final until the appeal time has expired or the appeal is completed. We are not persuaded this change would be in keeping with the other laws of this state. We find the State offered no evidence to prove any of the six probation violations and has, therefore, failed to prove appellant's suspended sentence should be revoked.

The judgment and sentence revoking appellant's suspended sentence is REVERSED and REMANDED to the District Court with instructions to DISMISS.

BUSSEY and PARKS, JJ., concur.