**Brenda Sue McGEE, Appellant,**

v.

**The CITY OF OKLAHOMA CITY, Appellee.**

**No. M–86–520.**

Court of Criminal Appeals of Oklahoma.

Aug. 25, 1988.

Travis Smith, Paula M. Henderson, Legal Aid of Western Oklahoma, Mun. Public Defender Div., Oklahoma City, for appellant.

Robert D. Allen, Mun. Counselor, Kenneth A. Nash, Asst. Mun. Counselor, Criminal Justice Center, Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

The appellant, Brenda Sue McGee, pled guilty in Oklahoma City Municipal Criminal Court of Record, Case No. 85–7212619, to a charge of Driving Under the Influence of an Intoxicating Liquor (Oklahoma City Code § 32–7 (1983)), before the Honorable Albert V. Alexander. The Court placed her on six (6) months of supervised probation in accordance with the provisions of 11 O.S. Supp.1984, § 28–123(C). Appellant pled guilty according to the terms of a plea agreement accepted by the municipal court, under which the court upon motion by the City would amend the record to reflect a guilty plea to Driving While Impaired. At the time set for sentencing, the court, the Honorable Edward B. Dycus, presiding, denied the City's motion to amend the charge to Driving While Impaired. Appellant was sentenced on the charge of Driving Under the Influence of an Intoxicating Beverage, and ordered to pay a fine of $200.00 and $25.00 court costs. It is from this judgment and sentence that appellant appeals.

We find it unnecessary to address all of appellant's assertions of error, as we find that appellant was denied equal protection of the law as guaranteed by art. II, §§ 2 and 6 of the Oklahoma Constitution. In brief, solely because appellant was indigent, she could not "buy" a criminal record with a lesser conviction on it. We therefore reverse.

The Guilty Plea Statement appellant signed on June 10, 1985, contained a plea agreement under which appellant was given a "continued sentence." Essentially, that is an agreement whereby the judge of the municipal court of record can "continue or delay imposing judgment and sentence for a period of time not to exceed six (6) months from the date of sentence. At the expiration of such period of time the judge may allow the city attorney to amend the charge to a lesser offense." 11 O.S.Supp. 1984, § 28–123(C). Appellant was to appear on December 9, 1985, for sentencing. If the probationary period was successful and appellant paid the fine and costs, the charge would be reduced. The record before this Court does not reflect whether a specific hearing was conducted regarding appellant's ability to immediately satisfy the fine and costs in accordance with 22 O.S.1981, Ch. 18, App.—Rules of the Court of Criminal Appeals, Rule 8, but we presume that some kind of hearing was held. See 22 O.S.1981, § 983. Before judgment and sentence was to take place, appellant's attorney apparently informed the court that appellant had been and was unable to pay the fine and costs because she was indigent. At that time, the court rejected the City's motion to amend to the lesser charge and sentenced appellant on the charge of Driving Under the Influence (DUI). He then gave her slightly over one month to satisfy the fine and costs.

Appellant cites *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221

(1983) for the proposition that the Fourteenth Amendment to the United States Constitution prohibits the treatment she received. The situation in *Bearden* involved revocation of probation and—more serious—a jail sentence as a result of an indigent's inability to pay a fine and make restitution. We have neither a revocation nor a jail sentence here; therefore, *Bearden* is not directly applicable. However, we adhere to the principles in *Bearden* addressing indigency, which, combined with old and well-established case law interpreting sections of our own state constitution, provide bona fide separate, adequate and independant state grounds for our holding. *See Michigan v. Long*, 463 U.S. 1032, 1041, 103 S.Ct. 3469, 3476, 77 L.Ed.2d 1201 (1983).

In our holding today, we in no way imply that appellant is automatically excused from paying her fine and costs. Such a determination is for the trial court, who may decide that appellant is capable of paying on an installment system, *see* Rule 8.3, or may decide to enter a judgment in the district court. *See* 11 O.S.1981, § 28–124. Nor are we saying that payment of fine and costs cannot be an express condition of probation. Such a determination is left to the discretion of the trial court. We merely hold that this court acted improperly in determining which crime to enter on appellant's record based solely on appellant's inability to pay. In addition to being contrary to our constitutional guarantees, such conduct violates Rule 8, which establishes the procedure to determine payment of fine and costs.

We also do not retreat from our position that a defendant has no constitutional right to a plea bargain. *Gray v. State*, 650 P.2d 880, 883 (Okl.Cr.1982). However, "[t]hat is not to say, that a prosecutor [or judge] can accept or refuse plea negotiations in a way that discriminates against defendants on account of their race, religion, economic status or other arbitrary classifications." *Id.* To do otherwise would go contrary to the dictates of art. II, § 6 of our state constitution, that "right or justice shall be administered without sale, denial, delay or prejudice."

The City itself succinctly summarized the problem in its reply brief when it observed that appellant's financial condition had not changed in the six-month interval between the plea and the sentence. It then added: "The Defendant knew for six months that there was reward on the one hand for meeting the conditions of probation and penalty for failure to meet the conditions." It is this "reward" if one can pay and "penalty" if one cannot that is objectionable. As this Court stated over seven decades ago while discussing a defendant's inability to obtain a transcript for appeal purposes, such discrimination is a

> violation of both the letter and spirit of this provision [art. II,. § 6] of the Constitution to require any man to pay any costs of the court if he is a pauper and without means of doing so, and to deny him the issuance of such process or the services of the officers when he is unable to pay for the same. In other words, justice in Oklahoma is the right of the poor as well as the luxury of the rich.

*Jeffries v. State*, 9 Okl.Cr. 573, 132 P. 823 (1913). *See also Ex parte Wigger*, 39 Okl.Cr. 108, 263 P. 1112 (1928), *Noel v. State*, 17 Okl.Cr. 308, 188 P. 688 (1920).

Though it would be more serious, it is relatively immaterial that appellant received no jail sentence. What is important is that, had appellant had the money to pay at the time of her sentencing, she would have had a conviction of Driving While Impaired on her record, a less serious offense than Driving Under the Influence. *Cf.* Oklahoma City Code §§ 32–7 and 32–8 (1983). In short, appellant may be poor; but as the *Jeffries* Court observed:

> [T]he law is no respecter of persons. It cannot look to the color of a man's skin, the size of his pocketbook or the number of his friends. We want the people of Oklahoma to understand, one and all, that the poorest and most unpopular person in the state, be he white or black, can depend upon it that justice is not for sale in Oklahoma.

*Jeffries*, 132 P. at 824.

The City in its petition concedes that appellant is indigent. Accordingly, appel-

lant's judgment and sentence is RE-VERSED and REMANDED with instructions to enter a plea of guilty to the charge of Driving While Impaired. The trial court in its discretion may relieve appellant of the fine and costs, establish a method of payment in accordance with Rule 8, or pursue the fine and costs through civil remedies in accordance with 11 O.S.1981, § 28–124.

PARKS, J., concurs.

BUSSEY, J., concurs in result.