William Antoine PICKENS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. 0-87-561.

Court of Criminal Appeals of Oklahoma.

Sept. 15, 1989.

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

LANE, Vice-Presiding Judge:

On April 16, 1986, Appellant William Antoine Pickens pled guilty to the crime of

Actual Physical Control of a Motor Vehicle While Intoxicated, After Former Conviction of a Felony in Case No. CRF–86–392 in the District Court of Cleveland County. His sentence of two (2) years imprisonment was suspended. On September 12, 1986, Appellant pled guilty to the crime of Operating a Motor Vehicle Under the Influence of Intoxicating Liquor, After Former Conviction in Case No. CRF–86–4767 in the District Court of Oklahoma County. The State filed an Application to Revoke Suspended Sentence in Case No. CRF–86–392 on October 20, 1986. The only ground for revocation stated in the application was Appellant's guilty plea in Case No. 86–4767.

Appellant asserts his right to due process was denied by the trial court which did not conduct a preliminary hearing prior to the revocation hearing. Appellant concedes Oklahoma law does not support his position. In *Wilson v. State,* 621 P.2d 1173 (Okl.Cr.1980) this Court held that a preliminary hearing on a revocation is not mandated when the probationer is already in custody for reasons unrelated to the revocation hearing. This Court has thus explicitly recognized that it is a probationer's liberty interest which requires the due process protection of the preliminary hearing. It is also well established that a probationer may waive the preliminary hearing by failing to request it. *See e.g. Woods v. State,* 526 P.2d 944 (Okl.Cr.1974); *Powell v. State,* 745 P.2d 1180 (Okl.Cr.1987). Appellant herein failed to request a preliminary hearing and thus waived it.

Appellant argues however, that *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) mandates a preliminary hearing, notwithstanding the fact he was already in custody on a matter unrelated to the revocation hearing. Appellant's argument that this Court should overrule *Wilson* is unavailing.

In 1974, this Court imposed the requirement of a preliminary hearing prior to the revocation hearing. *Woods v. State,* 526

P.2d 944 (Okl.Cr.1974); 22 O.S.1971, § 991b. We held the preliminary hearing was mandated by the then recent United States Supreme Court decisions in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and *Gagnon.*

■ Upon reconsideration of this matter, and our cases to the contrary notwithstanding,[1] we herein hold a preliminary hearing is not required in addition to the revocation hearing set forth in 22 O.S.1981, § 991b.

The genesis of the preliminary hearing in the context of an administrative hearing for the revocation of parole appears in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). The basis for the preliminary hearing was a finding by the Supreme Court that:

There is typically a substantial time lag between the arrest and the eventual determination by the pardon and parole board whether parole should be revoked. Additionally, it may be that the parolee is arrested at a place distant from the state institution to which he may be returned before the final decision is made concerning revocation. Given these factors, due process would seem to require that some minimal inquiry be conducted at or reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after arrest while information is fresh and sources are available.

408 U.S. at 485, 92 S.Ct. at 2602.

While expressly stating it cannot write a code of procedure, the *Morrissey* court outlined the minimum requirements of due process as follows:

(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confronta-

1. *See e.g., Woods v. State,* 526 P.2d 944 (Okl.Cr. 1974); *State ex rel. Oklahoma Department of Corrections v. Means,* 529 P.2d 1005 (Okl.Cr. 1974); *Phillips v. State,* 556 P.2d 1054 (Okl.Cr.

1976); *Wilson v. State,* 621 P.2d 1173 (Okl.Cr. 1980); *Powell v. State,* 745 P.2d 747 (Okl.Cr. 1987); *Powell v. State,* 745 P.2d 1180 (Okl.Cr. 1987).

tion); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

408 U.S. at 489, 92 S.Ct. at 2604.

The *Gagnon* Court relied heavily on the *Morrissey* decision to conclude the due process rights of a probationer are the same as those of a parolee. *Gagnon*, 411 U.S. at 782, 93 S.Ct. at 1759–1760.

Subsequent to our decision in *Woods*, the Oklahoma Legislature amended 911b requiring the revocation hearing to be held within ten (10) days after a probationer is arrested on a revocation petition. 22 O.S. 1976 Supp., § 991b. In 1978, the legislature again amended § 991b, modifying the ten (10) day requirement to twenty (20) days. 22 O.S.1978 Supp., § 991b.

■ The statutory mandate of 991b that a revocation hearing must be held within twenty (20) days of arrest on the revocation application gives a probationer greater protection of his liberty interest than *Morrissey* and *Gagnon* provide. Our holding today that a preliminary hearing is not required on a revocation application does not dilute the due process requirements mandated by *Morrissey*, *Gagnon* and this Court except as they pertain to a preliminary hearing.

Relying on *Stoner v. State*, 566 P.2d 142 (Okl.Cr.1977), Appellant next argues his subsequent judgment and sentence can not be used as a basis to revoke his suspended sentence because the State failed to offer strict proof of finality of that judgment and sentence. The State counters with *Scott v. State*, 734 P.2d 326 (Okl.Cr.1987) to argue that when in fact the judgment has become final, strict proof of finality need not be offered. The State asserts in its brief the judgment was in fact final; however, this evidence was not before the trial court.[2]

■ It is well established that when the State chooses to prove a judgment and sentence rather than the underlying crime as a predicate for revocation of a suspended sentence, the judgment is a valid basis for revocation only if it is final. *Kern v. State*, 521 P.2d 412 (Okl.Cr.1974); *Stoner v. State*, 566 P.2d 142 (Okl.Cr.1977); *Linscome v. State*, 584 P.2d 1349 (Okl.Cr.1978); *McGee v. State*, 761 P.2d 863 (Okl.Cr.1988). A judgment and sentence becomes final when the defendant does not appeal within the time prescribed for direct appeal or, if the defendant perfects a direct appeal, final disposition is made and entered by the appellate court. *Kern*, 521 P.2d at 415. Notwithstanding our decision to the contrary in *Scott v. State*, 734 P.2d 326 (Okl.Cr. 1987), we believe the reasoning of *Stoner* and its progeny represents the better approach. We therefore hold that when the State introduces a certified or authenticated copy of the judgment and sentence of the predicate conviction as a basis for revocation of a suspended sentence, it must also offer strict proof of the finality of that predicate judgment and sentence. *See e.g., Sams v. State*, 758 P.2d 834 (Okl.Cr.1988); *Cheadle v. State*, 762 P.2d 995 (Okl.Cr. 1988). In this case the State failed to offer strict proof of finality. We therefore reverse and remand to the district court for rehearing.

BRETT, J., concurs.

PARKS, P.J., concurs in part/dissents in part.

LUMPKIN, J., specially concurring.

LUMPKIN, Judge, specially concurring:

While I agree that this case should be reversed and remanded to the district court for a rehearing, I write separately to further address the State's burden to "offer strict proof of the finality" of a predicate judgment and sentence. The minimum

---

**2.** Appellant did not withdraw his guilty plea within ten (10) days of pronouncement of judgment and sentence, Rule 4.1, Rules of the Court of Criminal Appeals, 22 O.S.1981, ch. 18, App., and file a Petition for Writ of Certiorari with this Court within ninety (90) days from the date judgment and sentence was pronounced. Rule 4.2, rules of the Court of Criminal Appeals, 22 O.S.1981, ch. 18 App.

standard for strict proof of the finality of a conviction can be met by the introduction of a certified or authenticated judgment and sentence together with a certified or authenticated copy of the docket sheet showing whether the Defendant has perfected a direct appeal of the conviction and if so perfected, whether a final disposition has been made.

It should also be noted that the court's application of 22 O.S.1981, § 991b merely deletes the requirement of a bifurcated revocation proceeding and allows the trial court to adjudicate all issues in one hearing. The probationer will continue to receive a written notice of the claimed violations and a list of witnesses at his initial appearance on the application to revoke. Further, the minimum due process requirements set forth in *Morrissey* must continue to be met. I agree with the court that the application of "[T]he statutory mandate of § 991b that a revocation hearing must be held within twenty (20) days of arrest on the revocation application gives a probationer greater protection of his liberty interest than *Morrissey* and *Gagnon* provide." See infra P. 3.

PARKS, Presiding Judge, concurring in part, dissenting in part:

Upon further reflection, I agree *Scott v. State*, 734 P.2d 326 (Okla.Crim.App.1987), is inconsistent with prior and subsequent caselaw, *Majority*, at 598, and should be overruled. The State failed to introduce strict proof of the finality of the judgment and sentence relied on to revoke appellant's suspended sentence; thus, the revocation order must be vacated. *See Sams v. State*, 758 P.2d 834, 835 (Okla.Crim.App.1988).

I strongly disagree, however, with the majority's elimination of preliminary hearings in revocation proceedings. First, this issue is not properly before the Court, because appellant waived it by failing to request it. *Powell v. State*, 745 P.2d 1180, 1182 (Okla.Crim.App.1987). Second, because appellant was already in custody on a matter unrelated to the revocation hearing, *Woods v. State*, 526 P.2d 944 (Okla. Crim.App.1974), is not even applicable here. *See Woods*, 526 P.2d at 949 ("... the offense ... was the primary basis for the revocation and the evidence adduced at the revocation hearing centered upon this offense."). I would continue to adhere to the well-reasoned *Woods* case and its progeny. Accordingly, I dissent to that portion of the opinion.