**F I L E D**
**United States Court of Appeals
Tenth Circuit**

**JAN 28 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL JAMES MORRIS,

    Petitioner-Appellant,

    v.

STEVE HARGETT,

    Respondent-Appellee.

No. 98-6347
(D.C. No. CIV-98-105-A)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Therefore, the case is ordered submitted without oral argument.

Petitioner Michael J. Morris, a state prisoner appearing pro se, seeks a certificate of appealability to appeal the district court's dismissal of his 28 U.S.C.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 2254 habeas petition on statute of limitations grounds. As Morris has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny a certificate of appealability and dismiss the appeal.

Morris pleaded guilty to unlawful possession of cocaine on July 30, 1992, and was sentenced to ten years' imprisonment. He did not file a direct appeal by making a timely motion to withdraw his plea. See Okla. Stat. tit. 22, Ch. 18, App. Rule 4.2(a). As a result, his conviction became final on August 9, 1992. See Pickens v. Oklahoma, 779 P.2d 596, 598 (Okla. Crim. App. 1989). Morris filed an application for post-conviction relief in state court on March 13, 1997, which was denied and the denial was affirmed by the Oklahoma Court of Criminal Appeals on April 22, 1997. He filed the instant habeas petition on January 22, 1998. Respondent moved to dismiss on statute of limitations grounds. The district court adopted the magistrate's report and dismissed the petition as untimely under 28 U.S.C. § 2244(d)(1). The court also refused to grant a certificate of appealability or permission to proceed in forma pauperis.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended the "long-standing prior practice in habeas corpus litigation that gave prisoners nearly unlimited amounts of time to file habeas petitions in federal court." Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998). The AEDPA established a one-year time limitation for filing petitions and mandated that the

period begin to run on the "date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). To avoid potential injustices, we have held that for prisoners "whose convictions became final before April 24, 1996, the one-year statute of limitations does not begin to run until April 24, 1996." Hoggro, 150 F.3d at 1225. The AEDPA identifies a number of circumstances requiring a tolling of the limitations period. See 28 U.S.C. § 2244(d)(1) & (2). The only provision relevant here is "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year time limit. § 2244(d)(2).

As the magistrate correctly observed: "All but forty days of the limitations period had expired at the time [Morris] filed his State post-conviction application. With the tolling of the limitation period for this time, [Morris] had until June 2, 1997, to timely file his habeas Petition." Recommendation at 4-5. Morris did not file his habeas petition until January 22, 1998.

The application for a certificate of appealability is DENIED and the appeal is DISMISSED. Morris has failed to present a "reasoned, non-frivolous argument on the law and facts in support of the issues raised on appeal," see McIntosh v. United States Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997), and his request

-3-

to proceed in forma pauperis is DENIED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge