Edgar **RAGSDALE**, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. O–79–320.

Court of Criminal Appeals of Oklahoma.

Dec. 12, 1980.

**1340**

Clyde H. Amyx II, Frederick, for appellant.

Jan Eric Cartwright, Atty. Gen. of Okl., Michael Jackson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

Edgar Ragsdale was convicted of obtaining merchandise by means of a false or bogus check in the District Court of Tillman County, Case No. CRF–75–60. He entered a plea of guilty and punishment was set at ten years–three years in prison and seven years suspended. After the appellant was released from custody, the State filed an application to revoke the suspended portion of the sentence, alleging that the appellant had failed to report to the proper authorities. A hearing was held, but no action was taken: The court ordered the revocation hearings held "in abeyance." Subsequently, the State filed a second petition on November 17, 1978, based, among other things, on the alleged ground that the appellant had obtained property by false pretenses. Then the second petition was amended to include an additional ground for revocation, alleging that the appellant had once again issued a false and bogus check. After a hearing on the amended petition, the appellant's suspended sentence was revoked.

### I.

In his first assignment of error, the appellant asserts that the trial court erred in admitting State's exhibit one (the bad check) into evidence over his objection. He presents various reasons for its exclusion, arguing that the State's witness, Ms. Cora Woesner, could not reasonably and fairly identify him; that the check had been altered by someone in the District Attorney's office; and that the evidence did not meet requirements of authentication.

■ As to the appellant's first argument, he contends that Ms. Woesner could not have reasonably and fairly identified him as the man who had passed the check. During cross-examination, she testified that she would not swear the appellant was the man, but that she was sure he was the one. The issue involved is the credibility of the witness and the weight to be given her testimony. These are matters for the trier of fact, in this case the district judge, not an appellate court. *Walton v. State*, Okl.Cr., 594 P.2d 794 (1979).

Next, the appellant argues that the exhibit was not accompanied by competent proof from which the judge could infer its authenticity. This is not true. Ms. Woesner identified the check as the original check signed by the appellant. She was able to do this because the transaction involving the check had been the purchase of jewelry, and she had written the word "rings" on the check. Here, again, the real issue is the weight and credibility of Ms. Woesner's testimony, to be evaluated by the judge.

■ The appellant also claims that the check had been altered and was not substantially in the same condition as at the time of issue. The State alleges that the appellant has failed to reflect his claim in the record since the check is not included in the record on appeal. However, the transcript shows that the appellant did object at the time the check was offered into evidence (Tr. 14); and in arguing the matter he described the alteration (Tr. 24).

The situation is not clear, however. Someone had typed the appellant's name on the check, but when and why this was done were not established. At the hearing, the appellant asserted that it had been done in the district attorney's office. If this is true, then the check should not have been admitted, since it would have been substantially altered. However, the appellant's claim is not supported by the record, and the basis for it is unknown. The trial transcript indicates that the check was a counter check drawn on the First National Bank of Frederick, Oklahoma. Without some sort of evidence, one can only speculate as to when the name was typed on the check. Speculation will not support an argument.

## II.

The appellant's other assignment of error is that the trial court erred in overruling his demurrer and motion to dismiss. Concerning the first ground for revocation, the bad check, the appellant asserts the evidence was insufficient to support the allegation. The discussion of the first assignment of error, supra, settles this argument.

The next ground for revocation was that the appellant obtained property by false pretenses. The State presented evidence that the appellant and one Jimmy Pinson entered into a business transaction in which Pinson agreed to sell a car to the appellant. In addition to a cash payment, the appellant was to do some repair work on another of Pinson's vehicles in return for the car. He gave Pinson a personal check, but he promised to return the next day with cash; and Pinson agreed to exchange the check for the money. Pinson testified that he never saw the appellant again, and that the car was impounded in Seattle, Washington. The appellant, on the other hand, testified that he had bargained in good faith, and would have paid for the car had he not been arrested by the Seattle police on his way home from Pinson's.

The appellant cites 22 O.S.1971, § 743, in arguing that the State failed to prove that he obtained the car by false pretenses. Section 743 requires a writing, two witnesses or corroboration in a prosecution for obtaining property by false pretenses. That section is not applicable to the present case, however, because the facts alleged in the petition constitute the offense of larceny by fraud, not obtaining property by false pretenses. That is so because the misrepresentations involved future intent, rather than past or present statements of fact. See *Huckaby v. State,* 22 Okl.Cr. 376, 211 P. 525 (1923), and *Lamascus v. State,* Okl.Cr., 516 P.2d 279 (1973).

But although the parties were confused as to which offense had been committed, that confusion is not fatal to the revocation. A condition of his probation was that the appellant would not violate any federal, state or city law; and at the revocation hearing the judge correctly found that there had been a violation of state law. If the appellant were being tried for the crime of obtaining property by false pretenses and the proof was of the crime of larceny by fraud, the error would defeat the conviction. But the appellant was not being tried for obtaining property by false pretenses; he was being tried for violating the conditions of his probation. The facts proved by the State were the facts alleged in the petition for revocation, so the appellant had fair notice. And those facts established a probation violation. The label one puts to it is not germane.

The third ground on which the State based its petition is that the appellant failed to report to his probation officer as required by the conditions of parole. The appellant argues that he was not sufficiently informed of this particular condition. However, the rules and conditions of his suspended sentence were filed on March 9, 1976, and signed by both the appellant and his attorney. Those conditions required that at the end of each month defendant make a written report.

The order of the District Court, revoking the appellant's suspended sentence, is AFFIRMED.

CORNISH, P. J., and BUSSEY, J., concur.