**John McShell NELSON, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. O–82–637.**

Court of Criminal Appeals of Oklahoma.

Sept. 25, 1985.

Opio Toure, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

The appellant, John McShell Nelson, was charged by information for the crime of Burglary in the Second Degree in the District Court of Oklahoma County, Oklahoma, Case No. CRF–77–2699. The appellant pled guilty to the charge, and the trial court set punishment at ten (10) years' imprisonment with three (3) years' to be served, and the remainder suspended.

On April 14, 1982, appellant was convicted of Carrying a Firearm After Former Conviction of a Felony, and sentenced to two (2) years' imprisonment from the District Court of Oklahoma County, Case No. CRF–82–496 (affirmed on appeal, No. F–82–636) 687 P.2d 744. The State, thereafter, filed an Application to Revoke Suspended Sentence on the grounds that he had committed the crimes of Carrying a Firearm After Former Conviction of a Felony and another Robbery with Firearms, as alleged in Case No. CRF–82–493. At the revocation hearing, trial counsel stipulated to the adoption of the evidence produced at the earlier trial, in which appellant was convicted of Carrying a Firearm After Former Conviction of a Felony. The State moved to strike the robbery charge from the Revocation Application. No other evidence was produced by the State, and only mitigation evidence was produced by the defense. The trial court entered an order to revoke defendant's suspended sentence

in its entirety, the sentence to run consecutively with his two year imprisonment sentence for Carrying a Firearm After Former Conviction of a Felony. From this Order Revoking Suspended Sentence, appellant appeals.

### I.

■ In his first assignment of error, the appellant complains that the trial court committed error by accepting a stipulation of proof without determining whether the appellant knowingly, intelligently and voluntarily accepted the stipulations. Appellant contends that this stipulation to the evidence of the trial in which he was found guilty of Carrying a Firearm After Former Conviction of a Felony is equivalent to a guilty plea.

Appellant cites no authority to support this contention other than noting that stipulations to prior felony convictions have been found to be equivalent to a guilty plea. *Cox* v. *Hutto*, 589 F.2d 394 (8th Cir.1979). However, in the instant case, appellant specifically pled not guilty to the application alleging the Crime of Carrying a Firearm, and only stipulated to the evidence of the earlier trial, not the conviction.

Furthermore, appellant was present and did not object when his attorney entered into the stipulation. *Driver* v. *State*, 634 P.2d 760 (Okl.Cr.1981), and at the end of the hearing, he told the trial court that he had fully understood the questions that had been asked, and that his answers had been freely and voluntarily given. We find this assignment of error without merit.

### II.

■ In his second assignment of error, appellant contends that the trial court had insufficient evidence to revoke his suspended sentence since there was no evidence presented by the State relating to the charge of Robbery with Firearms. While it is true that there was no evidence presented on the robbery charge, and in fact, the State moved to strike it, there was sufficient evidence presented (by virtue of the stipulation) that the appellant had committed the crime of Carrying a Firearm After Former Conviction of a Felony. This alone is sufficient to revoke appellant's suspended sentence. *McFarlin* v. *State*, 554 P.2d 56 (Okl.Cr.1976). The fact that the Application and Order Revoking Suspended Sentence included the crime of Robbery with Firearms is irrelevant. *See Ragsdale* v. *State*, 620 P.2d 1339 (Okl.Cr.1980).

### III.

■ In his third and fourth assignments of error, appellant complains that the trial court erred in failing to make written findings of fact, and in failing to state in writing the reasons for revoking the suspended sentence, and the reason for revoking, rather than continuing, probation. The appellant cites *Gagnon* v. *Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), which held that the revocation of parole procedure outlined in *Morrissey* v. *Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), when applied to revocation of probation proceedings, requires a written statement by the fact finder as to the evidence relied on and reasons for revoking probation on parole.

However, this Court has approved conclusory findings of fact in a revocation hearing when a defendant is sufficiently apprised of the grounds upon which his sentence is revoked. *Mack* v. *State*, 637 P.2d 1262 (Okl.Cr.1981); *Caudill* v. *State*, 532 P.2d 63 (Okl.Cr.1975).

In the case before us, the trial court, in its Revocation of Suspended Sentence Plea of Not Guilty Summary of Facts, found that the appellant had "committed a felony while serving suspended sentence in committing a crime of Carrying a Firearm After Former Conviction of a Felony as proved in Case No. CRF–82–496." At the hearing, the trial court made several remarks that the decision to revoke the suspended sentence was based on the evidence of the prior trial. We find the appellant was sufficiently apprised of the grounds relied upon in revoking his suspended sen-

tence, and as such, these assignments of error are also without merit.

### IV.

In his fifth assignment of error, the appellant complains that his sentence is excessive in that it is to be served consecutively to the term of the two (2) years' imprisonment assessed in No. F–82–636, rather than concurrently. Appellant contends that since the revocation was based solely on the crime of Carrying a Firearm, the trial court is imposing two distinct punishments for one offense, which comes close to double punishment. We find no abuse of discretion in running the revoked suspended sentence and the sentence of the crime used to revoke the suspended sentence consecutively. *Mack* v. *State, supra.*

Accordingly, for the foregoing reasons, the judgment and sentence of the trial court is AFFIRMED.

BRETT and BUSSEY, JJ., concur.