JACKSON v. STATE
2022 OK CR 29
Case Number: RE-2021-1202
Decided: 11/10/2022
JIMMY DALE JACKSON, JR., Appellant v. STATE OF OKLAHOMA, Appellee
Cite as: 2022 OK CR 29, __ __

 

SUMMARY OPINION
ROWLAND, PRESIDING JUDGE:
¶1 Appellant appeals from the revocation in full of his suspended sentence in Washington County District Court Case No. CF-2009-303. On January 19, 2010, Appellant pleaded no contest to two counts of Lewd Molestation (). On March 25, 2010, he was sentenced on both counts to concurrent terms of twenty years imprisonment, with all except the first five years suspended under certain rules and conditions of probation.
¶2 On September 16, 2021, the State filed a First Amended Motion to Revoke Suspended Sentence, alleging Appellant violated the conditions of his probation by: (1) driving a vehicle with a firearm; (2) using intoxicants; (3) failing to pay supervision fees; (4) using computer devices in violation of specific rules and conditions; (5) having repeated conversations with a female minor; (6) not abstaining from certain locations as directed by the probation officer; and (7) associating with and transporting a known felon. Following a revocation hearing on October 27, 2021, the Honorable Russell C. Vaclaw, Associate District Judge, revoked Appellant's suspended sentence in full.
¶3 Appellant now appeals from the order of revocation, raising the following propositions of error:
I. Under the facts and circumstances of the case, the trial court's revocation of Appellant's suspended sentence in full due to technical violations was an abuse of discretion. 
II. The decision to revoke Appellant's suspended sentence based on a failed polygraph examination was improper use of polygraph results. 
ANALYSIS
¶4 Relying on (B), Appellant first argues that the trial court erred when it revoked more than six months of his suspended sentence based solely on "technical violations" of his probation. Because Appellant did not raise this objection below, review is for plain error. Parker v. State, , ¶ 16, , 660.
¶5 To be entitled to relief under the plain error doctrine, Appellant must prove: 1) the existence of an actual error (i.e., deviation from a legal rule); 2) that the error is plain or obvious; and 3) that the error affected his substantial rights, meaning the error affected the outcome of the proceeding. Id., , ¶ 16, 495 P.3d at 660-61. Even then, this Court will correct plain error only if the error "seriously affected the fairness, integrity or public reputation of the judicial proceedings or represented a miscarriage of justice." Id., , ¶ 16, 495 P.3d at 661.
¶6 In this matter, though there was some conflict between the testimony of Appellant and his probation officer at the revocation hearing, the trial court credited the probation officer's testimony and found Appellant violated the rules and conditions of his suspended sentence. The evidence showed that Appellant had repeated contact with a minor after being directed by his probation officer to cease contact with her, returned to the minor's place of employment after his probation officer directed him not to go there, continued to watch pornography after being directed to stop by his probation officer, transported a known felon, and failed to pay supervision fees. Of these, the trial court commented that the "concerning evidence" was Appellant's continued contact with the minor, his continued viewing of pornographic material, and "problems with [Appellant's] polygraph test," which altogether warranted revocation in full.
¶7 Section 991b(B) of Title 22 limits a trial court's authority to revoke a suspended sentence for a "technical violation" to not more than six months for a first revocation and five years for a second or subsequent revocation. (B). All violations of court-imposed rules and conditions of probation are "technical violations," other than the eight exceptions enumerated in Section 991b(C). See (C). The State argues that because Appellant committed probation violations that fall within one such exception, namely, "violation of the Specialized Sex Offender Rules," see § 991b(C)(8), the limitation of Section 991b(B) does not apply here.
¶8 Though not acknowledged by either party, nothing in this record indicates that the sentencing court imposed the specialized sex offender rules of supervision, as it was required to do. See (A)(1)(ee). In addition to the regular rules and conditions of probation, the sentencing court did order Appellant to have no contact with his victims or their parents, to submit to a GPS monitor, and to undergo "follow up treatment for sex offenders" as conditions of his probation. The court further gave Appellant notice of his duty to register as a sex offender. But on this record, there is no indication Appellant was required to comply with the specialized rules and conditions of supervision for sex offenders established by the Department of Corrections.
¶9 Nevertheless, the State contends that Appellant was subject to the specialized sex offender rules by operation of law. In support of its position, the State relies on Section 991a(A)(1)(ee) of Title 22, which provides in relevant part:
[I]n the case of a sex offender sentenced after November 1, 1989, and required by law to register pursuant to the Sex Offender Registration Act, the court shall require the person to comply with sex offender specific rules and conditions of supervision established by the Department of Corrections and require the person to participate in a treatment program designed for the treatment of sex offenders during the period of time while the offender is subject to supervision by the Department of Corrections. 
(A)(1)(ee).
¶10 The State urges this Court to read Section 991(A)(1)(ee) in conjunction with Section 991b(C) to infer that the Legislature intended "that an offender's noncompliance with any portion of his or her sex offender treatment is serious enough to be categorized as a non-technical probation violation." In other words, the State would have us find that the specialized rules and conditions of supervision for sex offenders are automatically triggered whenever a person is sentenced for a registerable offense. We disagree.
¶11 First, the State's argument cannot be reconciled with the plain language of the statute. This Court looks first to the plain and ordinary language of a statute to discern legislative intent. Newlun v. State, , ¶ 8, , 211. "We must hold a statute to mean what it plainly expresses and cannot resort to interpretive devices to create a different meaning." Id. In this case, Section 991a(A)(1)(ee) unambiguously directs that "the court shall require" the offender to comply with the specialized sex offender rules and conditions of supervision. The provision is not self-executing.
¶12 Further, while a sex offender's non-compliance with sex offender treatment is doubtlessly serious, the State's argument ignores that Section 991a(A)(1)(ee) differentiates between (1) the requirement that a sex offender comply with the specialized sex offender rules, and (2) the requirement that a sex offender participate in sex offender treatment. The distinction is critical in this case because the sentencing court only required Appellant to participate in sex offender treatment--not to comply with the specialized sex offender rules--as a condition of his probation. Only a violation of the latter is a non-technical violation under Section 991b(C).
¶13 In addition to disregarding the plain language of Section 991a(A)(1)(ee), adoption of the State's proposed construction of the statutes would violate Appellant's right to due process as he was given no notice at the time of sentencing that his probation was conditioned on compliance with the specialized sex offender rules referenced in Section 991a(A)(1)(ee).
¶14 Notice is a basic requirement of due process. Horn v. State, , ¶ 21, , 783. When a court suspends the execution of a sentence, "the court must set forth the terms and conditions governing the suspension." In re Collyar, , ¶ 14, , 357; see also Madden v. Faulkner, , ¶ 10, , 862 (defendant receiving a suspended sentence must be put on notice as to what conduct might or might not be grounds for revoking the suspended sentence). A violation of the specialized sex offender rules is not "so basic and fundamental that any reasonable person would be aware of such condition." Brooks v. State, , ¶ 3, , 1334 (that a person may not commit a felony is a basic and fundamental condition of probation); see also Demry v. State, , ¶ 21, , 1148 (a suspended sentence for a misdemeanor contains the inherent condition that the person shall not commit the same misdemeanor during the period of suspension).
¶15 In this case, Appellant was given no notice that he was subject to the specialized sex offender rules as a condition of his suspended sentence. Thus, construing Section 991a(A)(1)(ee) as imposing an automatic requirement that he comply with such rules, absent imposition by the sentencing court, would violate Appellant's right to due process.
¶16 Because Appellant could not have committed a violation of the specialized sex offender rules where none were imposed, and none of the probation violations he committed fall within the other exceptions enumerated in Section 991b(C), we find that Appellant's suspended sentence was revoked based solely on technical violations. As such, the trial court's revocation of more than six months of his suspended sentence constituted an actual error that is both plain and obvious. The error unquestionably affected Appellant's substantial rights as it resulted in his incarceration for many years beyond what the law allows for such probation violations. Accordingly, the order revoking his suspended sentence must be modified to six months.
¶17 In his second proposition of error, Appellant argues the trial court's decision to revoke his suspended sentence was based in part on inadmissible polygraph evidence. Appellant raised no objection to the introduction of testimony regarding his polygraph examinations before the trial court. Therefore, review of this claim is also for plain error. See Parker, , ¶ 16, 495 P.3d at 660-61. Upon review of the record, we find that error, if any, was invited as it was defense counsel who initially introduced such evidence. See Ellis v. State, , ¶ 28, , 1299 (opinion on rehearing) (error invited by defense counsel cannot serve as basis for reversal because defendant cannot invite error and then seek to profit from it).
¶18 Further, the outcome of the proceedings was not affected by the introduction of polygraph evidence. "Revocation is proper even if only one violation is shown by a preponderance of the evidence." McQueen v. State, , ¶ 2, , 745. Here, the evidence established that Appellant committed multiple probation violations, none of which involved polygraph examinations. Thus, Appellant has not shown the trial court's consideration of such evidence affected his substantial rights. Proposition II is denied.
DECISION
¶19 The revocation of Appellant's suspended sentence in Washington County District Court Case No. CF-2009-303 is AFFIRMED and this case is REMANDED to the trial court for entry of an order modifying the order of revocation to six months. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2022), the MANDATE is ORDERED issued upon the filing of this decision.
AN APPEAL FROM THE DISTRICT COURT OF WASHINGTON COUNTY, THE HONORABLE RUSSEL C. VACLAW, ASSOCIATE
DISTRICT JUDGE

APPEARANCES AT REVOCATION
MARK KANE
ATTORNEY AT LAW
P.O. BOX 2566
BARTLESVILLE, OK 74005
COUNSEL FOR DEFENDANT
KEVIN BUCHANAN
DISTRICT ATTORNEY
420 S. JOHNSTONE
BARTLESVILLE, OK 74003
COUNSEL FOR STATE

APPEARANCES ON APPEAL
NICOLLETTE BRANDT
APPELLATE DEFENSE COUNSEL
P.O. BOX 926
NORMAN, OK 73070
COUNSEL FOR APPELLANT
JOHN M. O'CONNOR
ATTY. GENERAL OF OKLAHOMA
CHRISTINA A. BURNS
ASST. ATTORNEY GENERAL
313 N.E. 21st
OKLAHOMA CITY, OK 73105
COUNSEL FOR APPELLEE
 
OPINION BY: ROWLAND, P.J.
HUDSON, V.P.J.: Concur
LUMPKIN, J.: Concur
LEWIS, J.: Concur in Results
MUSSEMAN, J.: Concur
FOOTNOTES
 Notably, when asked at the revocation hearing what rule of probation Appellant violated by having contact with a minor, Appellant's probation officer made no reference to special rules and conditions of supervision for sex offenders but instead referred to Appellant's regular rules and conditions of probation, which required that he "carry-out all instructions directed to [him]" by his probation officer.