JACKSON v. STATE
2022 OK CR 29
Case Number: RE-2021-1202
Decided: 11/10/2022
JIMMY DALE JACKSON, JR., Appellant v. STATE OF OKLAHOMA, Appellee
Cite as: 2022 OK CR 29, __ __

 

 

SUMMARY OPINION

ROWLAND, PRESIDING JUDGE:

¶1 Appellant appeals from the revocation in full of his suspended sentence in Washington County District Court Case No. CF-2009-303. On January 19, 2010, Appellant pleaded no contest to two counts of Lewd Molestation (21 O.S.Supp.1992, § 1123

¶2 On September 16, 2021, the State filed a First Amended Motion to Revoke Suspended Sentence, alleging Appellant violated the conditions of his probation by: (1) driving a vehicle with a firearm; (2) using intoxicants; (3) failing to pay supervision fees; (4) using computer devices in violation of specific rules and conditions; (5) having repeated conversations with a female minor; (6) not abstaining from certain locations as directed by the probation officer; and (7) associating with and transporting a known felon. Following a revocation hearing on October 27, 2021, the Honorable Russell C. Vaclaw, Associate District Judge, revoked Appellant's suspended sentence in full.

¶3 Appellant now appeals from the order of revocation, raising the following propositions of error:

I. Under the facts and circumstances of the case, the trial court's revocation of Appellant's suspended sentence in full due to technical violations was an abuse of discretion.

II. The decision to revoke Appellant's suspended sentence based on a failed polygraph examination was improper use of polygraph results.

ANALYSIS

¶4 Relying on 22 O.S.Supp.2019, § 991bParker v. State, 2021 OK CR 17495 P.3d 653

¶5 To be entitled to relief under the plain error doctrine, Appellant must prove: 1) the existence of an actual error (i.e., deviation from a legal rule); 2) that the error is plain or obvious; and 3) that the error affected his substantial rights, meaning the error affected the outcome of the proceeding. Id., 2021 OK CR 17Id., 2021 OK CR 17

¶6 In this matter, though there was some conflict between the testimony of Appellant and his probation officer at the revocation hearing, the trial court credited the probation officer's testimony and found Appellant violated the rules and conditions of his suspended sentence. The evidence showed that Appellant had repeated contact with a minor after being directed by his probation officer to cease contact with her, returned to the minor's place of employment after his probation officer directed him not to go there, continued to watch pornography after being directed to stop by his probation officer, transported a known felon, and failed to pay supervision fees. Of these, the trial court commented that the "concerning evidence" was Appellant's continued contact with the minor, his continued viewing of pornographic material, and "problems with [Appellant's] polygraph test," which altogether warranted revocation in full.

¶7 Section 991b(B) of Title 22 limits a trial court's authority to revoke a suspended sentence for a "technical violation" to not more than six months for a first revocation and five years for a second or subsequent revocation. 22 O.S.Supp.2019, § 991bSee 22 O.S.Supp.2019, § 991bsee § 991b(C)(8), the limitation of Section 991b(B) does not apply here.

¶8 Though not acknowledged by either party, nothing in this record indicates that the sentencing court imposed the specialized sex offender rules of supervision, as it was required to do. See 22 O.S.Supp.2010, § 991a

¶9 Nevertheless, the State contends that Appellant was subject to the specialized sex offender rules by operation of law. In support of its position, the State relies on Section 991a(A)(1)(ee) of Title 22, which provides in relevant part:

[I]n the case of a sex offender sentenced after November 1, 1989, and required by law to register pursuant to the Sex Offender Registration Act, the court shall require the person to comply with sex offender specific rules and conditions of supervision established by the Department of Corrections and require the person to participate in a treatment program designed for the treatment of sex offenders during the period of time while the offender is subject to supervision by the Department of Corrections.

22 O.S.Supp.2010, § 991a

¶10 The State urges this Court to read Section 991(A)(1)(ee) in conjunction with Section 991b(C) to infer that the Legislature intended "that an offender's noncompliance with any portion of his or her sex offender treatment is serious enough to be categorized as a non-technical probation violation." In other words, the State would have us find that the specialized rules and conditions of supervision for sex offenders are automatically triggered whenever a person is sentenced for a registerable offense. We disagree.

¶11 First, the State's argument cannot be reconciled with the plain language of the statute. This Court looks first to the plain and ordinary language of a statute to discern legislative intent. Newlun v. State, 2015 OK CR 7348 P.3d 209Id. In this case, Section 991a(A)(1)(ee) unambiguously directs that "the court shall require" the offender to comply with the specialized sex offender rules and conditions of supervision. The provision is not self-executing.

¶12 Further, while a sex offender's non-compliance with sex offender treatment is doubtlessly serious, the State's argument ignores that Section 991a(A)(1)(ee) differentiates between (1) the requirement that a sex offender comply with the specialized sex offender rules, and (2) the requirement that a sex offender participate in sex offender treatment. The distinction is critical in this case because the sentencing court only required Appellant to participate in sex offender treatment--not to comply with the specialized sex offender rules--as a condition of his probation. Only a violation of the latter is a non-technical violation under Section 991b(C).

¶13 In addition to disregarding the plain language of Section 991a(A)(1)(ee), adoption of the State's proposed construction of the statutes would violate Appellant's right to due process as he was given no notice at the time of sentencing that his probation was conditioned on compliance with the specialized sex offender rules referenced in Section 991a(A)(1)(ee).

¶14 Notice is a basic requirement of due process. Horn v. State, 2009 OK CR 7204 P.3d 777In re Collyar, 1970 OK CR 48476 P.2d 354see also Madden v. Faulkner, 1969 OK CR 69450 P.2d 860Brooks v. State, 1971 OK CR 199484 P.2d 1333see also Demry v. State, 1999 OK CR 31986 P.2d 1145

¶15 In this case, Appellant was given no notice that he was subject to the specialized sex offender rules as a condition of his suspended sentence. Thus, construing Section 991a(A)(1)(ee) as imposing an automatic requirement that he comply with such rules, absent imposition by the sentencing court, would violate Appellant's right to due process.

¶16 Because Appellant could not have committed a violation of the specialized sex offender rules where none were imposed, and none of the probation violations he committed fall within the other exceptions enumerated in Section 991b(C), we find that Appellant's suspended sentence was revoked based solely on technical violations. As such, the trial court's revocation of more than six months of his suspended sentence constituted an actual error that is both plain and obvious. The error unquestionably affected Appellant's substantial rights as it resulted in his incarceration for many years beyond what the law allows for such probation violations. Accordingly, the order revoking his suspended sentence must be modified to six months.

¶17 In his second proposition of error, Appellant argues the trial court's decision to revoke his suspended sentence was based in part on inadmissible polygraph evidence. Appellant raised no objection to the introduction of testimony regarding his polygraph examinations before the trial court. Therefore, review of this claim is also for plain error. See Parker, 2021 OK CR 17 See Ellis v. State, 1992 OK CR 45867 P.2d 1289

¶18 Further, the outcome of the proceedings was not affected by the introduction of polygraph evidence. "Revocation is proper even if only one violation is shown by a preponderance of the evidence." McQueen v. State, 1987 OK CR 162740 P.2d 744

DECISION

¶19 The revocation of Appellant's suspended sentence in Washington County District Court Case No. CF-2009-303 is AFFIRMED and this case is REMANDED to the trial court for entry of an order modifying the order of revocation to six months. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2022), the MANDATE is ORDERED issued upon the filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF WASHINGTON 
COUNTY, THE HONORABLE RUSSEL C. VACLAW, ASSOCIATE
DISTRICT JUDGE

 
 
 
 APPEARANCES AT REVOCATION

 MARK KANE
 ATTORNEY AT LAW
 P.O. BOX 2566
 BARTLESVILLE, OK 74005
 COUNSEL FOR DEFENDANT

 KEVIN BUCHANAN
 DISTRICT ATTORNEY
 420 S. JOHNSTONE
 BARTLESVILLE, OK 74003
 COUNSEL FOR STATE
 
 
 APPEARANCES ON APPEAL

 NICOLLETTE BRANDT
 APPELLATE DEFENSE COUNSEL
 P.O. BOX 926
 NORMAN, OK 73070
 COUNSEL FOR APPELLANT

 JOHN M. O'CONNOR
 ATTY. GENERAL OF OKLAHOMA
 CHRISTINA A. BURNS
 ASST. ATTORNEY GENERAL
 313 N.E. 21st ST.
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 

 

OPINION BY: ROWLAND, P.J.
HUDSON, V.P.J.: Concur
LUMPKIN, J.: Concur
LEWIS, J.: Concur in Results
MUSSEMAN, J.: Concur

FOOTNOTES