OSCN Found Document:CASH v. STATE

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 CASH v. STATE
2024 OK CR 1
Case Number: RE-2022-638
Decided: 01/25/2024
STEVEN JAMES CASH, Appellant v. THE STATE OF OKLAHOMA, Appellee

Cite as: 2024 OK CR 1, __ __

 

 

SUMMARY OPINION

LUMPKIN, JUDGE:

¶1 Appellant, Steven James Cash, appeals the revocation of his suspended sentence in Cleveland County District Court Case No. CF-2014-1824. On April 5, 2015, Appellant entered pleas of guilty to Second Degree Rape (21 O.S.2011, § 1116) (Count 1) and Rape by Instrumentation (21 O.S.2011, § 1111.1) (Count 2).[1] He was sentenced to concurrent terms of fifteen years imprisonment, all suspended but two years.

¶2 On February 24, 2017, the State filed an Application to Revoke Suspended Sentence alleging failure to report, remain in the State, and pay 991 costs as ordered.[2] On July 5, 2022, the State filed an amended application which added the new crime violation of "Rape/Sexual Assault", as alleged in Garland County, Arkansas, Case No. 26F-2017-523-1.

¶3 Following a hearing, the Honorable Lori Walkley, District Judge, found the technical violation of failure to remain in State and the non-technical violations of failure to report and committing a new crime. Appellant's suspended sentences were revoked in full.[3] From this order, Appellant appeals raising five propositions of error.

ANALYSIS

¶4 "The decision to revoke a suspended sentence in whole or in part is within the sound discretion of the trial court and such decision will not be disturbed absent an abuse thereof." Jones v. State, 1988 OK CR 20, ¶ 8, 749 P.2d 563, 565. An "abuse of discretion" is a clearly erroneous conclusion and judgment, one clearly against the logic and effect of the facts presented. Neloms v. State, 2012 OK CR 7, ¶ 35, 274 P.3d 161, 170.

¶5 In his first claim of error, Appellant asserts it was error for the trial court to find violations for failing to report and remain in State because his probation rules prohibited neither. We disagree. Appellant did not raise this objection below; therefore, review is for plain error. Parker v. State, 2021 OK CR 17, ¶ 16, 495 P.3d 653, 660.

¶6 To be entitled to relief under the plain error doctrine, Appellant must prove: "1) the existence of an actual error (i.e., deviation from a legal rule); 2) that the error is plain or obvious; and 3) that the error affected his substantial rights, meaning the error affected the outcome of the proceeding." Id. at ¶ 16, 495 P.3d at 660-61. Even then, "this Court will correct plain error only where the error seriously affected the fairness, integrity or public reputation of the judicial proceedings or represented a miscarriage of justice." Id at 661.

¶7 Handwritten on Appellant's probation rules is the phrase, "Probation to be transferred to DOC in Arkansas", which he argues indicates an automatic transfer. Therefore, his failure to return to Oklahoma and report after he was released from incarceration in Arkansas were not violations, but adherence to his probation rules. Jackson v. State, 2022 OK CR 29, ¶ 16, 521 P.3d 807, 811 (A probationer cannot violate rules not imposed).

¶8 However, the record refutes his claim. Appellant's probation rules direct him to report in Oklahoma and contain both his and his attorney's signatures, establishing he was aware of his reporting requirements. See Ragsdale v. State, 1980 OK CR 111, ¶ 11, 620 P.2d 1339, 1341. Further, the Court Order summarizing the sentencing hearing states, "Allow probation to be transferred to the State of Arkansas following intake with Oklahoma DOC Probation and Parole Office."[4] Appellant has failed to establish the existence of an actual error. Proposition I is denied.

¶9 In his second claim of error, Appellant asserts if he did fail to report, the trial court lacked authority to revoke thirteen years for that technical violation. Specifically, Appellant claims, due to the filing date, the State's original application alleged a technical violation for failure to report. Further, the violation remained technical even after the State filed an amended application because it failed to indicate the violation was no longer technical. We disagree.

¶10 The district court's authority to revoke is limited to the "grounds" set forth in the State's motion. 22 O.S.2021, § 991b(A). Both the original and amended applications alleged failure to report. Appellant had fair notice of the violation, technical or otherwise. Evidence presented at the revocation hearing, established failure to report in excess of 60 days, a non-technical violation. 22 O.S.2021, § 991b(C)(5). If there is fair notice and proof of the violation, any confusion by the parties as to which offense had been committed is not fatal to the revocation. Ragsdale, 1980 OK CR 111, ¶ 10, 620 P.2d at 1341. Proposition II is denied.

¶11 In his third claim of error, Appellant asserts the State failed to prove the new crime violation because he was acquitted of Rape and his conviction for Sexual Assault was overturned on appeal. We disagree.

¶12 To revoke a suspended sentence based on an out-of-state crime, the State "must show the finality of a judgment or the facts to support one." Sams v. State, 1988 OK CR 137, ¶ 6, 758 P.2d 834, 835. The State presented the latter. When each element of alleged violation is proven by a preponderance of the evidence, it will "withstand a collateral attack even if a conviction for the same offense were reversed on appeal." Stoner v. State, 1977 OK CR 212, ¶ 6, 566 P.2d 142, 143. Proposition III is denied.

¶13 In his fourth claim of error, Appellant asserts that the admission of the Arkansas trial transcript was error as his revocation was based entirely on hearsay, violating due process. We disagree.

¶14 The transcript is hearsay. 12 O.S.2021, § 2801(A)(3). However, the admission of hearsay at a revocation hearing does not equate to a violation of due process. Appellant points to the following phrase to support his argument: "[a]lthough concluding that in revocation proceedings, a trial court may rely upon an out-of-court statement that bears substantial guarantees of trustworthiness without violating a defendant's right of confrontation, we continue to hold to that authority indicating revocation cannot be based entirely upon hearsay evidence." Hampton v. State, 2009 OK CR 4, ¶ 21, 203 P.3d 179, 186 (emphasis added).

¶15 However, what Appellant misinterprets as a bright line rule prohibiting revocation based on hearsay evidence was a reference to the admission of hearsay evidence where the declarant was wholly denied the relaxed due process right to confrontation. See Montemayor v. State, 1988 OK CR 285, ¶ 4, 766 P.2d 1000, 1001.

¶16 "[A] probationer's right of confrontation is not the same as that granted defendants under the Sixth Amendment of the U.S. Constitution in criminal prosecutions...." Hampton v. State, 2009 OK CR 4, ¶ 14, 203 P.3d 179, 183. It is a statutory right. Id.; 22 O.S.Supp.2021, § 991b(F).

Accordingly, a probationer's right of confrontation is subject to relaxed due process standards that may permit introduction of evidence such as letters, affidavits, and other material that would not be admissible in an adversary criminal trial, and do not prohibit use where appropriate of the conventional substitutes for live testimony, including affidavits, depositions, and documentary evidence.

Hampton, 2009 OK CR 4, ¶ 14, 203 P.3d at 183-84 (quoting Gilbert v. State, 1988 OK CR 283, ¶ 10, 765 P.2d 807, 809) (internal citations and quotations omitted).

¶17 A probationer's right to confrontation is not offended "when a transcript of a previous judicial hearing is admitted into evidence at a revocation hearing, without requiring the State to prove the unavailability of the witnesses, so long as the defendant was allowed to confront and cross-examine the witnesses at the previous judicial hearing." Wortham v. State, 2008 OK CR 18, ¶ 15, 188 P.3d 201, 206. Here, Appellant was allowed to confront and cross-examine adverse witnesses at his Arkansas trial, with the assistance of counsel. Proposition IV is denied.

¶18 In his fifth claim of error, Appellant asserts the order revoking must be corrected. He claims it reflects Count 2 as Rape by Instrumentation, but omits that it was committed in the Second Degree. However, the language of the order revoking mirrors the language of the judgment and sentence. To the extent Appellant seeks to attack the validity of his judgment and sentence, it is outside the scope of a revocation appeal. Nesbitt v. State, 2011 OK CR 19, ¶ 5, 255 P.3d 435, 437; Rule 1.2(D)(4), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2024). Proposition V is denied.

DECISION

¶19 The revocation order in Cleveland County District Court Case No. CF-2014-1824 is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2024), the MANDATE is ORDERED issued upon the filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF
CLEVELAND COUNTY, THE HONORABLE LORI WALKLEY,
DISTRICT JUDGE

 

 
 
 
 APPEARANCES AT REVOCATION

 ZACHARY W. RAMSEY
 INDIGENT DEFENSE SYSTEM
 P.O. BOX 926
 NORMAN, OK 73070
 COUNSEL FOR DEFENDANT

 ABBY NATHAN
 ASST. DISTRICT ATTORNEY
 201 SOUTH JONES, STE. 300
 NORMAN, OK 73069
 COUNSEL FOR STATE
 
 
 APPEARANCES ON APPEAL

 CHAD JOHNSON
 INDIGENT DEFENSE SYSTEM
 111 N. PETERS AVE., SUITE 100
 NORMAN, OK 73069
 COUNSEL FOR APPELLANT

 GENTNER F. DRUMMOND
 ATTORNEY GENERAL
 SHERI M. JOHNSON
 ASST. ATTORNEY GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 

 

OPINION BY: LUMPKIN, J.
ROWLAND, P.J.: Concur
MUSSEMAN, V.P.J.: Concur
LEWIS, J.: Concur
HUDSON, J.: Concur

FOOTNOTES

[1] Count 2 is reflected as "Rape by Instrumentation in the Second Degree" in the plea form, but as "Rape by Instrumentation" in the judgment and sentence.

[2] 22 O.S.2011, § 991a.

[3] Prior to resting, the State dismissed its allegation of failure to pay 991 costs.

[4] The process to transfer probation through the interstate compact does not allow for unilateral transfer. 57 O.S.2011, § 347.

 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases

 
Cite
Name
Level

 
1988 OK CR 20, 749 P.2d 563, 
JONES v. STATE
Discussed

 
1988 OK CR 137, 758 P.2d 834, 
SAMS v. STATE
Discussed

 
1988 OK CR 283, 765 P.2d 807, 
GILBERT v. STATE
Discussed

 
1988 OK CR 285, 766 P.2d 1000, 
MONTEMAYOR v. STATE
Discussed

 
1977 OK CR 212, 566 P.2d 142, 
STONER v. STATE
Discussed

 
2008 OK CR 18, 188 P.3d 201, 
WORTHAM v. STATE
Discussed

 
2009 OK CR 4, 203 P.3d 179, 
HAMPTON v. STATE
Discussed at Length

 
2011 OK CR 19, 255 P.3d 435, 
NESBITT v. STATE
Discussed

 
2012 OK CR 7, 274 P.3d 161, 
NELOMS v. STATE
Discussed

 
2021 OK CR 17, 495 P.3d 653, 
PARKER v. STATE
Discussed

 
2022 OK CR 29, 521 P.3d 807, 
JACKSON v. STATE
Discussed

 
1980 OK CR 111, 620 P.2d 1339, 
RAGSDALE v. STATE
Discussed at Length

Title 12. Civil Procedure

 
Cite
Name
Level

 
12 O.S. 2801, 
Definitions
Cited

Title 21. Crimes and Punishments

 
Cite
Name
Level

 
21 O.S. 1111.1, 
Rape by Instrumentation - Consent - Sentencing
Cited

 
21 O.S. 1116, 
Second Degree Rape - Penalty
Cited

Title 22. Criminal Procedure

 
Cite
Name
Level

 
22 O.S. 991a, 
Sentence - Powers of the Court
Cited

 
22 O.S. 991b, 
Revocation in Whole or in Part of Suspended Sentence - Hearing - Review
Discussed at Length

Title 57. Prisons and Reformatories

 
Cite
Name
Level

 
57 O.S. 347, 
Compacts with Other States - Agreements of Compact
Cited

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA